UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | 2:14-cr-00138-JDL |
| MARQUIS AIKEN and ) | |
| JOSHUA BONNETT, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON OBJECTIONS OF DEFENDANTS MARQUIS AIKEN AND JOSHUA BONNETT TO THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE ON DEFENDANTS' MOTIONS TO SUPPRESS**

Defendants Marquis Aiken and Joshua Bonnett are charged with possession with intent to distribute a mixture or substance containing cocaine base, and aiding and abetting such conduct, in violation of 21 U.S.C.A. § 841(a)(1) (2015) and 18 U.S.C.A. § 2 (2015). ECF No. 1. Aiken and Bonnett each seeks to suppress all evidence obtained as a result of the search of Room 218 of a motel in Lewiston, Maine, on November 7, 2014. ECF No. 49; ECF No. 53.

The United States Magistrate Judge filed his Recommended Decision (ECF No. 99) on the motions to suppress with the court on August 3, 2015, following a suppression hearing held on June 8, 2015 (*see* ECF No. 87) and post-hearing briefing (ECF No. 92; ECF No. 94; ECF No. 96; ECF No. 97; ECF No. 98). Aiken and Bonnett each filed objections to the portion of the Recommended Decision that found that they do not have standing to challenge the search. ECF No. 113; ECF No. 112. They do not object to the portion of the Recommended Decision that found no basis to suppress a statement made by Bonnett to Aiken. The Government filed a response to the objections, ECF No. 128, and an oral argument hearing was held on the objections on

January 15, 2016.

I have carefully reviewed and considered the defendants' objections and the Magistrate Judge's Recommended Decision, and have made a *de novo* determination of the matters objected to, in accordance with 28 U.S.C.A. § 636(b)(1) (2015). For the reasons discussed below, I conclude that the defendants have standing to challenge the search conducted on November 7, 2014.

## I. LEGAL ANALYSIS

Aiken and Bonnett each argues that his Fourth Amendment rights were violated by an unlawful entry into and search of Room 218 on November 7, 2014. ECF No. 49 at 1-2; ECF No. 53 at 1-2. A defendant asserting Fourth Amendment challenges has the burden of establishing that he had a legitimate expectation of privacy in the place searched or the thing seized. *United States v. Rheault*, 561 F.3d 55, 58-59 (1st Cir. 2009); *United States v. Battle*, 637 F.3d 44, 48 (1st Cir. 2011). The inquiry comprises two questions: "first, whether the movant has exhibited an actual, subjective, expectation of privacy; and second, whether such subjective expectation is one that society is prepared to recognize as objectively reasonable." *Rheault*, 561 F.3d at 59 (citing *Smith v. Maryland*, 442 U.S. 735, 740 (1979)).

Bonnett contests the Magistrate Judge's finding that the evidence in the record is insufficient to establish that he held a reasonable expectation of privacy in the motel room on November 7, 2014. ECF No. 112 at 2. Bonnett argues that he was a legitimate overnight guest in Room 218, having rented it the day before with his traveling companion, Jahrael Browne. *Id.* at 7, 11, 18. Aiken contends that he has standing to challenge the search of the room, on the basis that he was staying in the

room with Bonnett's permission. ECF No. 113 at 1-2.

After reviewing the record, I find that the evidence supports the following facts from which it is reasonable to infer that Bonnett was one of the two people who rented Room 218 and that Aiken was in the room with Bonnett's permission.

First, the Concord Coach Lines receipt for a purchase of bus tickets from Boston to Portland, which lists the names "Jahrael Browne" and "Joshua Bonnett" and is dated November 2, 2014, *see* Gov't Ex. 12, demonstrates that Bonnett was Browne's traveling companion from Massachusetts to Maine near the time of the events at the motel and, logically, both would need a place to sleep while in Maine.

Second, the evidence supports that Browne rented the room with a second person, for one day, on the day before the day of the search. The registration record of the motel states Browne's name and indicates that it was printed at 1:40 p.m. on November 6, 2014, and that two guests rented a room, arriving on November 6th and departing on November 7th. Gov't Ex. 18. Screen shots from the motel's security camera taken at that time show two black men at the registration counter. *See* Def. Ex. 11-12. Bonnett is a black male, and the driver's license photograph of Browne depicts him to be a black male. *See* Def. Ex. 3; Gov't Ex. 11.

Third, Browne's driver's license was in the room, *see* Def. Ex. 3, further suggesting a connection between Browne and Bonnett.

Fourth, Bonnett was in possession of Room 218 and had a key to the room when Agents Thomas Pappas and Nicholas Gagnon encountered him and Aiken at the motel.

Fifth, the events in question occurred around 9:00 a.m. The morning hour,

appearance of the room, and appearance of its occupants were consistent with the two occupants—Bonnett and Aiken—having slept in the room and, therefore, having occupied the room for more than a brief period.

Sixth, post-arrest phone conversations between Aiken and his mother recorded by the authorities confirm that the room was Bonnett's room and that Aiken stayed there with Bonnett's knowledge.

I find from these facts that it is more likely than not that Bonnett was the individual who, with Browne, rented Room 218, and that Aiken stayed in the room as Bonnett's guest. *See United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974) ("the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence") (citation omitted); *United States v. McCurdy*, 585 F. Supp. 2d 136, 141 (D. Me. 2008). Accordingly, I conclude that Bonnett and Aiken had an actual, subjective expectation of privacy in Room 218 that was objectively reasonable. They therefore have standing to bring Fourth Amendment challenges to the search of Room 218 conducted on November 7, 2014.

## II. CONCLUSION

It is therefore **ORDERED** that the findings and recommendations made by the Magistrate Judge in the Recommended Decision (ECF No. 99) as to the standing of the defendants are **NOT ADOPTED**. It is further **ORDERED** that the defendants' motions to suppress (ECF No. 49; ECF No. 53) be **RECOMMITTED** to the Magistrate Judge pursuant to 28 U.S.C.A. § 636(b)(1), for review of the Fourth Amendment claims presented in the motions and for proposed findings and recommendations thereon.

The findings and recommendation of the Magistrate Judge with respect to the statement made by Bonnett to Aiken that Bonnett moved to suppress (ECF No. 99 at 9-10), to which no objection was made, are hereby **ADOPTED**.

**SO ORDERED.**

**Dated: February 2, 2016**

                                                    /s/ Jon D. Levy
                                          **U.S. DISTRICT JUDGE**